Mark D. Mailman, I.D. No. MDM 1122
Gregory J. Gorski, I.D. No. GJG 3241
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL ANGELO DROUET** | |
| Plaintiff, | Civil Action No. |
| v. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| **EXPERIAN INFORMATION SOLUTIONS, INC., I.C. SYSTEM, INC., and PUBLIC SERVICE ELECTRIC AND GAS COMPANY** | **NON-ARBITRATION** |
| Defendants. | |

1.   This is an action for damages brought by individual consumer, Michael Angelo Drouet, against Experian Information Solutions, Inc. and I.C. System, Inc. (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended, the Fair Debt Collection Practices Act (hereafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the New Jersey Consumer Fraud Act (hereafter "NJCFA") §§ 56:8-1, *et seq.*

## THE PARTIES

2.   Plaintiff Michael Angelo Drouet is an adult individual residing at 85 Forrest Hill Parkway, Apartment 3D, Newark, New Jersey 07104.

3. Defendant, Experian Information Solutions, Inc. (hereafter "Experian") is a business entity that regularly conducts business in the District of New Jersey, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

4. Defendant, I.C. System, Inc. (hereafter "I.C. System") is a business entity that regularly conducts business in the District of New Jersey, and which has a principal place of business located at 444 East Highway 96, St. Paul, Minnesota, 55127.  The principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

5. Defendant, Public Service Electric and Gas Company (hereafter "PSE&G") is a business entity that regularly conducts business in District of New Jersey, and which has a principal place of business located at 80 Park Plaza, Newark, NJ 07102.

## JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

8. Plaintiff previously was a customer of PSE&G obtaining electric and gas services from PSE&G while living in an apartment in Wallington, New Jersey.

9. In or around 2008, Plaintiff ended his residency at the Wallington apartment and advised PSE&G that he would be terminating his gas and electrical service.

10. Notwithstanding the above, PSE&G sent Plaintiff a bill misrepresenting the amount actually owed and overcharging Plaintiff in the amount of $202.14 which was paid by Plaintiff.

11. Notwithstanding the fact that Plaintiff made payment on the overcharged amount, PSE&G then began engaging in collection activity against Plaintiff in order to collect the same amount that Plaintiff was overcharged.

12. PSE&G actions to collect include, *inter alia,* hiring Defendant IC System to engage in collection activities against Plaintifff which have included erroneously reporting the debt to consumer reporting agencies and sending collection letters to Plaintiff.

13. Defendant Experian has been reporting this derogatory and inaccurate statement and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

14. The inaccurate information includes, but is not limited to, a collection account with I.C. System, which does not belong to Plaintiff.

15. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

16. At all times pertinent hereto, Plaintiff was not responsible for the debt.

17. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

18.     Defendant Experian has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

19.     Plaintiff has disputed the inaccurate information with Defendant Experian and the consumer reporting agencies TransUnion and Equifax in writing and by following the entities established procedure for disputing consumer credit information.

20.     Plaintiff has disputed the inaccurate information with Defendant Experian and the consumer reporting agencies TransUnion and Equifax , including but not limited to, from May 2012 through the present.

21.     Notwithstanding Plaintiff's efforts, Defendant Experian continues to publish the inaccurate information and Defendant Experian continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Defendant Experian has repeatedly published and disseminated consumer reports to such third parties from at least May 2012 through the present.

22.     Despite Plaintiff's efforts, Defendant Experian has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

23.     Notwithstanding Plaintiff's disputes, Defendant I.C. System has also failed to conduct timely and reasonable investigations of Plaintiff's disputes to Experian, Equifax and TransUnion after being contacted by the relevant credit reporting agencies concerning Plaintiff's

dispute, have willfully continued to report such inaccurate information to various credit reporting agencies, and have failed to mark the above accounts as disputed.

24. Despite Plaintiff's exhaustive efforts to date, Defendant Experian and IC System have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

25. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form an ascertainable out of pocket loss, lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

26. Defendants knew or should have known that their actions violated the FCRA, FDCPA and/or NJCFA.  Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

27. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

28. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I - EXPERIAN
## VIOLATIONS OF THE FCRA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

31. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

34. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. § 1681i.

35. The conduct of Defendant Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – I.C. SYSTEM
## VIOLATIONS OF THE FCRA

36.	Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.	At all times pertinent hereto, Defendant I.C. System was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

38.	I.C. System violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

39.	Defendant I.C. System's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant I.C. System is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III - I.C. SYSTEM
## VIOLATIONS OF THE FDCPA

40.	Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.	Defendant I.C. System is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

42.	Plaintiff is a "consumer" defined by 15 U.S.C. § 1692a(3) of the FDCPA.

43.	The above disputes by Plaintiff and the reporting of inaccurate information to credit reporting agencies by Defendant I.C. System are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

44. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

45. Defendant I.C. System violated the FDCPA. Defendant's violations include, but are not limited to, violations of U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) The false representation of the amount, character, or legal status of the debt;

    (b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

    (c) The use of false, deceptive, or misleading representation or means in connection with the collection of any debt; and

    (d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect any debt.

46. Defendant I.C. System's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

## COUNT IV - PSE&G
## VIOLATIONS OF THE NJCFA

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. PSE&G is a "person" as defined by N.J.S.A § 56:8-1(d) of the NJCFA.

49. The gas and electric services provided by PSE&G are services is considered "merchandise" as defined by N.J.S.A §56:8-1(c) of the NJCFA.

50. PSE&G engaged in unlawful practices by using and/or employing unconscionable commercial practices, misrepresentations, and false statements in connection with the services provided at stated above including by not limited to overcharging Plaintiff for those services and then engaging in collection activity on said amount even after it was paid in violation of the N.J.S.A § 56:8-2 of the NJCFA.

51. Plaintiff suffered ascertainable losses identified above as direct and proximate cause of PSE&G's unlawful practices.

1. Pursuant to N.J.S.A § 56:8-19, PSE&G is thus liable to Plaintiff for threefold the amount of Plaintiff's ascertainable losses, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

72. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, 1692k(a)(3) and N.J.S.A §56:8-19; and

(e) Such other and further relief as may be necessary, just and proper.

**DESIGNATION OF TRIAL COUNSEL**

Plaintiff hereby designates Mark Mailman and Gregory Gorski as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

**ARBITRATION CERTIFICATION**

I, Mark Mailman, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in excess of $150,000.  I further certify that, to my knowledge, the within case in not related to any case now pending or within one year previously terminated action in this court.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:   _/s/ Mark Mailman_
MARK MAILMAN, ESQUIRE
GREGORY GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: August 8, 2012